UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| VINCENT H. DENNIS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:14-CR-26-JRG-MCLC-1 |
| | ) | | 2:16-CV-230-JRG |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 46]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on August 1, 2016 [Doc. 47]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the following reasons, the petition [Doc. 46] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

On August 11, 2014, Petitioner pled guilty to, and was subsequently convicted of, attempting to commit pharmacy robbery, in violation of 18 U.S.C. §§ 2118(a) and (c)(1), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) [Docs. 28, 45]. On March 19, 2015, he received an aggregate sentence of 90 months' imprisonment followed by five years' supervised release [Doc. 45]. No appeal was taken and the conviction became final on April 2, 2015, at expiration of the time for filing an appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining

an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen] days after . . . the entry of . . . judgment.").

Fourteen months later—on June 30, 2016—Petitioner filed the instant petition challenging his sentence in light of *Johnson* [Doc. 46]. The United States opposes relief.

## II. ANALYSIS

Petitioner's only argument in favor of collateral relief appears to be that the *Johnson* decision invalidated the similarly-worded residual clause in § 924(c)(3)(B), thereby precluding his violation of 18 U.S.C. § 2118(a) from categorization as a "crime of violence" sufficient to support a conviction under § 924(c)(1)(A) [Doc. 46 (arguing that he is entitled to vacatur of his § 924(c) conviction)]. The argument fails as a matter of law.

Binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[1] *See*

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA.

2

*United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, the conviction under 18 U.S.C. §§ 2118(a) and (c)(1) remains capable of supporting the conviction under § 924(c)(1)(A). *Johnson* is inapposite.

**IV. CONCLUSION**

For the reasons discussed, Petitioner's § 2255 motion [Doc. 46] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

*See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

Case 2:14-cr-00026-JRG-MCLC   Document 49   Filed 10/26/16   Page 3 of 3   PageID #: 767